The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Tommy HOLMES, Defendant–Appellant.

No. 90CA0303.

Colorado Court of Appeals,
Div. II.

April 11, 1991.

As Modified on Denial of Rehearing
May 16, 1991.

Certiorari Denied Nov. 4, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Cherner and Blackman, Philip A. Cherner, Denver, for defendant-appellant.

Opinion by Judge SMITH.

Defendant, Tommy Holmes, appeals an order denying his motion for post-conviction relief brought pursuant to Crim.P. 35(c). We dismiss the appeal.

In 1980, defendant, pursuant to a plea agreement, entered a plea of guilty to the felony of attempted robbery in Denver District Court (No. 79CR1580). Certain other felony counts were thereupon dismissed pursuant to that agreement and defendant was sentenced to the Department of Corrections for two years.

In 1987, defendant was charged and was ultimately convicted of robbery and three counts relating to habitual criminal. He was sentenced to life imprisonment. During the habitual criminal phase of the 1987 trial, he collaterally attacked his 1980 Denver conviction on the grounds that the advisement given him prior to his entry of a plea of guilty was constitutionally insufficient. He unsuccessfully argued in the trial court, and subsequently on appeal to this court, that he had not been advised of his ineligibility for probation prior to entry of the plea.

This court in *People v. Holmes*, (Colo. App. No. 87CA1893, Dec. 13, 1990) (not selected for official publication) affirmed the 1987 conviction and also the habitual criminal sentence, holding, *inter alia*, that Holmes' plea of guilty in the 1980 proceeding had been properly received after an adequate advisement and, thus, that the conviction based thereon was sufficient to provide support for the habitual criminal disposition.

Subsequently, defendant, acting *pro se*, filed a motion under Crim.P. 35(c) again challenging the propriety of the 1980 conviction. In this case, he argues again that the advisement given in that providency hearing was insufficient. He now asserts that he was not advised by the court concerning the *mens rea* of attempted robbery and that the charging document was insufficient because it did not define rob-

bery or describe the necessary *mens rea.* The trial court here rejected these arguments and denied defendant's motion on its merits.

We do not reach the substantive issues raised by defendant, but rather dismiss this appeal on the basis that, in the absence of special circumstances, the courts need not entertain successive requests for the same relief based on the same or similar allegations on behalf of the same prisoner. *Turman v. Buckallew,* 784 P.2d 774 (Colo. 1989).

The arguments advanced here were available to Holmes at the time of his prior attack on this 1980 plea of guilty, and we have neither been presented with, nor do we perceive, any special circumstances which justify a second attack on the same guilty plea which has been previously reviewed and sustained.

Appeal dismissed.

JONES and RULAND, JJ., concur.